**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re:  Case No.  A07-00665-DMD | Chapter 13 |
| TOVIA L. PUAAULI and FAAFUATA PUAAULI, | **Filed On 12/18/08** |
| Debtors. | |
| TOVIA L. PUAAULI and FAAFUATA PUAAULI, | Adversary No.  A08-90043-DMD |
| Plaintiffs, | |
| v. | |
| CHASE HOME FINANCE, | |
| Defendant. | |

**MEMORANDUM ON TEMPORARY RESTRAINING ORDER**

The plaintiffs filed for Chapter 13 relief on December 26, 2007. Included in their liabilities was an obligation to Chase Home Finance. Chase sought relief from stay through a motion filed March 10, 2008. The total debt against the home was over $228,041.49 at that time. The debtors valued the home at $235,000.00. According to Chase, the plaintiffs were in default of their obligations by about $17,000.00 including three post-petition payments of $1,921.94 each as of March 10, 2008. The plaintiffs and the defendant stipulated to entry of an order resolving the motion for relief from stay. The order provided for a cure of post-petition defaults of $6,916.52 as of May, 2008 through extra payments of

$500.00 per month starting in May 2008 and continuing through October of 2008. A balloon payment of $3,916.23 was due with the November mortgage payment. The debtors were also to make their regular monthly loan payments to Chase. The stipulated order provided a fifteen (15) day notice period should the debtors default on the stipulated order. The debtors defaulted on the stipulated order and Chase, after giving appropriate notice, set a foreclosure sale.

The debtors then filed an adversary proceeding against Chase on November 12, 2008 seeking a stay of foreclosure proceedings. A hearing on the plaintiffs' request for a temporary restraining order was held on November 14, 2008. Through a stipulation, the plaintiffs were to make a payment of $1,700.00 to the defendant on November 14, 2008 and receive a stay of foreclosure. That payment was made. The plaintiffs were to make a payment of $3,250.00 on November 19, 2008. It is unclear whether this payment was made or not.[1] Yet another hearing was held on December 3, 2008. It again continued the hearing on the temporary restraining order until December 16, 2008. The foreclosure sale was also continued to the same date. Payments of $1,700.00 and $1,500.00 were required on December 3 and December 11 respectively. The first payment of $1,700.00 was made but the second was not. If payments were missed, the plaintiffs' complaint for injunctive relief was to be dismissed. In addition to missing payments required in their adversary proceeding,

---

[1] A payment of $2,200.00 was returned to the debtors. I can't tell if it was paid in lieu of the $3,250.00 payment.

2

the debtors defaulted on their regular monthly loan payments for October, November and December 2008 in the sum of $1,920.00 each.

The plaintiffs allege that their financial position will improve in the future. Their son and daughter have moved into the residence. They will contribute to the payments in the future they argue. Somehow, the plaintiffs' arrearages will be paid.

The stipulated orders entered in the main case and adversary proceeding are binding on the debtors. The situation here is similar to the law of the case. The law of the case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[2] This doctrine is "based on sound public policy that litigation should come to an end and is designed to bring a quick resolution of disputes by preventing continued re-argument of issues already decided."[3] The plaintiffs are attempting to re-litigate issues already determined by two stipulated orders. Their argument has no merit. They cannot re-litigate issues that have already been determined with their agreement.

Moreover, in order to obtain a temporary restraining order, the plaintiffs must prove that they will succeed on the merits, that they will be irreparably harmed, that the balance of hardships favor them, and that the public interest will be served.[4] Here there is

---

[2]*Arizona v. California*, 460 U.S. 605, 618 (1983).

[3]*Gage v. General Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986)(citations omitted).

[4]*Jackson v. NFL*, 802 F.Supp. 226 (D. Minn. 1992).

3

no probability that the plaintiffs will succeed on the merits. There is no equity in the residence and no possibility of irreparable harm to the plaintiffs. The balance of hardships tips in favor of the defendant because of the plaintiffs' continuing pre and post petition defaults. The public interest will not be served by allowing the plaintiffs to breach their stipulated orders. The plaintiffs' request for a temporary restraining order must be denied and the adversary action dismissed.

        DATED: December 18, 2008.

                        BY THE COURT

                        /s/ Donald MacDonald IV
                        DONALD MacDONALD IV
                        United States Bankruptcy Judge

Serve:       C. Johansen, Esq.
               R. Ullstrom, Esq.
               P. Gingras, Adv. Case Manager - served 12/18/08 - pg.

        12/18/08